UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SONJA EVANS,

    Plaintiff,

v.

CITY OF CHICAGO,

    Defendant.

No. 10 C 542
Judge James B. Zagel

# MEMORANDUM OPINION AND ORDER

Plaintiff Sonja Evans brings this claim against Defendant, the City of Chicago, under Title 42 Section 1983, alleging deprivation of her Fourth and Fourteenth Amendment rights arising from a search of her home by Chicago police officers. Defendant comes now with a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, I deny Defendant's motion to dismiss.

## I. BACKGROUND

Plaintiff is a resident of the 4300 block of West Washington Boulevard in the City of Chicago. On May 27, 2009, from her home, she observed a Chicago police officer engaged in a physical altercation with a civilian in the public way. She telephoned the Chicago Police Department to report her observations, and continued to observe as the police officer discharged his firearm at the civilian. Other Chicago police officers subsequently arrived on the scene. Plaintiff alleges that several of these officers forced open the door to her home and conducted a thorough search therein. Plaintiff denies having consented to either the entry or the search, and claims that the officers did not have a warrant or other lawful justification to enter or search her

home. Plaintiff alleges that in the course of the search, officers damaged and destroyed her personal property and unreasonably frightened her. She also alleges that one or more of the officers stole her personal property.

Plaintiff asserts that the officers' actions following the shooting were taken in accordance with "a practice within the police department of the City of Chicago to conduct warrantless searches and to make arrests without probable cause when investigating the use of deadly force by Chicago police officers." This policy, Plaintiff alleges, "is employed to produce evidence, without regard to its reliability, that exonerates the officer from allegations of wrongdoing in the use of deadly force." Finally, Plaintiff alleges that this practice has existed for more than twenty-five years, and "is so permanent and well-settled that it constitutes a custom or usage with the force of law."

**II. STANDARD OF REVIEW**

A Motion to Dismiss under Rule 12(b)(6) requires that I analyze the legal sufficiency of the complaint, and not the factual merits of the case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir.1998). I must take all facts alleged in Plaintiff's complaint as true and draw all reasonable inferences from those facts in favor of Plaintiff. *Caldwell v. City of Elwood*, 959 F.2d 670, 671 (7th Cir.1992). Plaintiff, for her part, must do more than solely recite the elements for a violation; she must plead with sufficient particularity so that her right to relief is more than a mere conjecture. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must plead her facts so that, when accepted as true, they show the plausibility of her claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Plaintiff must do more than plead facts

that are "consistent with Defendants' liability" because that only shows the possibility, not the plausibility, of her entitlement to relief. *Id.* (internal quotations omitted).

**III. DISCUSSION**

    **A. Plaintiff States a Claim for which Relief Can Be Granted Under § 1983**

Section 1983 provides a cause of action to persons whose constitutional rights have been violated "under color of any statute, ordinance, regulation, custom, or usage" of state or local law. 42 U.S.C. § 1983. Plaintiff alleges that the police officers' entry into and search of her home, and the damage, destruction, and theft of her property violated her Fourth and Fourteenth Amendment rights and caused her injury. Defendant argues that Plaintiff has failed to state a claim because her allegations that the actions were taken under color of law are implausible and not entitled to a presumption of truth.

A municipality may not be held vicariously liable under § 1983 for an injury inflicted solely by its employees. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978). However, the requirement that the harm inflicted be under color of law is satisfied when the municipality has "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law." *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000); *see Monell*, 436 U.S. at 694. A plaintiff's conclusory allegations as to the existence of a policy or practice will suffice "so long as facts are pled that put the defendants on proper notice of the alleged wrongdoing." *Diaz v. Hart*, No. 08 C 5621, 2010 WL 849654, at *7 (N.D. Ill. March 8, 2010); *see McCormick*, 230 F.3d at 325. In addition, the municipality must be the "moving force" behind the alleged injury, so the plaintiff "must demonstrate a direct causal link between

the municipal action and the deprivation of federal rights." *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997).

Here, Plaintiff has sufficiently pleaded that her injury was driven by a widespread municipal practice. Specifically, Plaintiff alleges a practice within the Chicago Police Department to conduct warrantless searches and make arrests without probable cause when investigating the use of deadly force by an officer. Plaintiff further alleges that this practice is employed to produce evidence, without regard to its reliability, that exonerates the officer from allegations of wrongdoing in the use of deadly force.

Defendant argues that Plaintiff's allegations are legal conclusions and as such are not entitled to a presumption of truth. *Iqbal*, 129 S.Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). This argument is only correct as to Plaintiff's allegation that the alleged policy "is so permanent and well-settled that it constitutes a custom or usage with the force of law," as that is a conclusory legal statement.[1]

While Plaintiff's allegations of a practice within the police department are conclusory, such conclusory allegations suffice "so long as facts are pled that put the defendants on proper notice of the alleged wrongdoing." *Diaz v. Hart*, No. 08 C 5621, 2010 WL 849654, at *7 (N.D. Ill. March 8, 2010); *see McCormick*, 230 F.3d at 325. Here, Plaintiff's allegation of a practice within the police department gives Defendant "fair notice" of what the "claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Plaintiff defines what the practice is—to conduct warrantless searches and make arrests without probable cause when investigating the use

---

[1] Plaintiff's references to other unrelated accusations against the Chicago Police Department are irrelevant to the plausibility of this allegation.

of deadly force by Chicago police officers—and what that policy is meant to accomplish—to produce evidence, without regard to its reliability, that exonerates the officer from allegations of wrongdoing in his use of deadly force. This level of specificity, along with Plaintiff's description of how the practice was applied to her particularly, provides Defendant sufficient notice of the claim against it.

Defendant argues that Plaintiff's claim should fail because she only alleged one instance in which the policy was applied, without further facts substantiating the existence of the policy. This case, though, is distinguishable from many cases in which a plaintiff asks the court to infer the existence of a policy from only a single incident, without articulating a specific policy. *E.g., Zubek v. City of Chicago*, No. 04 C 5399, 2006 WL 1843396, at *5 (N.D. Ill. July 5, 2006); *Dean v. City of Harvey*, No. 05 C 24454, 2006 WL 3095756, at * 2 (N.D. Ill. Oct. 30, 2006); *Furstenau v. City of Naperville*, No. 07 C 6143, 2008 WL 5412872, at *4 (N.D. Ill. Dec. 23, 2008). In each of those cases, the courts dismissed the plaintiff's claim, finding that a naked allegation that a policy exists, without specifying what that policy may be, is insufficient to state a *Monell* claim. *Id.* Here, however, Plaintiff identified the alleged policy with specificity, so the fact that she has only alleged one instance in which the policy was applied does not defeat the claim. *See Garrett v. Dart*, No. 09-cv-1398, 2010 WL 2136670, at *4 (N.D. Ill. May 26, 2010).

Defendant also argues that Plaintiff's claim should fail because she did not plead any facts that city policymakers knew of, or were, the moving force behind the practice. City policymaking officials' knowledge of and acquiescence to a practice can constitute a custom under § 1983. *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 511 (7th Cir. 1993). Such knowledge and acquiescence can be presumed if the practice is longstanding or widespread. *Id.*

5

Contrary to Defendant's insistence, though, Plaintiff is not required to plead facts to substantiate her allegations so long as she gives fair notice of her claim, as no heightened pleading standard applies to § 1983 cases. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993); *McCormick*, 230 F.3d at 323-24. Plaintiff's allegations that the practice has existed for more than twenty-five years, and implication that the practice is widespread, are therefore sufficient to show that the practice is a custom for which the City of Chicago may be liable under § 1983.

Because Plaintiff has alleged the existence of a specific longstanding and widespread municipal practice that violated her constitutional rights, she has satisfied the pleading standard for a § 1983 claim under *Monell*. Accordingly, Defendant's argument that Plaintiff has not adequately pled a claim for relief fails.

### B. Plaintiff Does Not Allege Vicarious Liability

Defendant contends that even if the complaint satisfies the pleading standard, Plaintiff's claim is barred because it impermissibly makes the City of Chicago vicariously liable for the actions of its employees. Defendant is correct in its assertion that a municipality cannot be held vicariously liable under § 1983. *Monell*, 436 U.S. at 694. However, Defendant's argument fails because Plaintiff does not rely on a theory of vicarious liability. Plaintiff's claim is based on an injury resulting from an alleged de facto municipal policy, not on municipal liability merely for the actions of the municipal officers. Because *Monell* expressly rejected vicarious liability while affirming municipal liability for policies or customs, a sufficiently plead *Monell* claim, as here, is by definition not relying on vicarious liability. *Id.*; *Valentino v. Village of South Chicago Heights*, 575 F.3d 664, 674-75 (7th Cir. 2009).

Defendant also suggests that Plaintiff is trying to impose vicarious liability because she did not name the individual officers as defendants. Defendant is mistaken, though, and its discussions of *Los Angeles v. Heller*, 475 U.S. 796 (1986), and *Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293 (7th Cir. 2010) are inapplicable. Both of those cases turn on whether a jury verdict clearing individual agents from liability necessitates a conclusion that no violation of constitutional rights actually occurred. *Heller*, 475 U.S. at 798-99; *Thomas*, 604 F.3d at 305. Because there must be a constitutional injury for liability under § 1983, a finding of no constitutional injury relieves a municipality from liability. *Heller*, 475 U.S. at 799. Neither case, though, states that individual actors must be found liable before establishing municipal liability. *Thomas*, 604 F.3d at 305 ("[Defendant] appears to push for a rule that requires individual officer liability before a municipality can ever be held liable for damages under *Monell*. This is an unreasonable extension of *Heller*.").

Instead, the *Thomas* court confirmed that "a municipality can be held liable under *Monell*, even when its officers are not, unless such a finding would create an *inconsistent* verdict." *Id.* (emphasis in original). Here, Defendant does not argue that Plaintiff has not alleged violations of her Fourth and Fourteenth Amendment rights, but that holding the city liable without naming the police officers as defendants is inconsistent. However, that Plaintiff did not name the officers as defendants does not lead to the conclusion that there was no violation of constitutional rights, so there is no inconsistency in alleging liability against the City of Chicago without naming the officers as defendants, and Defendant's argument accordingly fails.

**IV. CONCLUSION**

For the foregoing reasons, I deny Defendant's motion to dismiss.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: August 5, 2010